UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID KENT CHAPLIN,

      Plaintiff,      Civil Action No. 17-13139
                Honorable John Corbett O'Meara
v.               Magistrate Judge David R. Grand

BETH A. ANDERSON and
GARRY M. GREENBERG,

      Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S
## APPLICATION TO PROCEED *IN FORMA PAUPERIS* [3, 11]

**and**

## REPORT AND RECOMMENDATION TO DISMISS, *SUA SPONTE*,
## PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. § 1915(e)

**and**

## ORDER DENYING PLAINTIFF'S
## REMAINING MOTIONS [2, 4, 5, 6, 13, 14] AS MOOT

  On September 22, 2017, *pro se* Plaintiff David Kent Chaplin ("Chaplin"), an incarcerated person, filed a 72-page complaint in this Court. (Doc. #1). On October 25, 2017, this case was referred to the undersigned for management, hearing and determination of all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A), and for any reports and recommendations on dispositive matters that may be necessary pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. #9).

  Upon consideration of the financial information provided, the Court will **GRANT** Chaplin's application to proceed *in forma pauperis*. (Docs. #3, #11). For the reasons stated below, the Court will **RECOMMEND** that Chaplin's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. REPORT

### A. Background

In his complaint, Chaplin alleges that his ex-wife, Defendant Beth Anderson, and Garry Greenberg, Anderson's divorce attorney (collectively "Defendants"), violated his civil rights during the course of Chaplin's and Anderson's divorce proceedings, which were held in the Oakland County Circuit Court. Chaplin's complaint is difficult to comprehend, in large part because it purports to be a "line item by line item" response to a motion filed not in this case, but by Defendants in the state court matter, captioned "PLAINTIFF'S MOTION FOR ENTRY OF JUDGEMENT [SIC] OF DIVORCE RE: DEFENDANT'S FAILURE TO MEDIATE AND FOLLOW COURT ORDERS." (Doc. #1 at 5).

Parsing Chaplin's complaint in this case, he appears to allege that Anderson filed for divorce in October 2014, fraudulently misrepresenting to him that "signing the divorce papers was insignificant, and the parties would later remarry after the dust settled." (*Id.*). Chaplin asserts that, because he was in the midst of "extraordinary circumstances" – specifically, he had been accused by Anderson's daughter of criminal sexual conduct – he did not respond to court filings and was served with a default in the divorce case. (*Id.* at 5-6). Chaplin also alleges that Defendants then filed motions in that proceeding, without providing him notice, and that the state court conducted hearings in his absence. (*Id.* at 7-13). According to Chaplin, the state court judge in the divorce case had a "negative perception" of him because of his failure to appear for hearings and wrongly awarded his portion of the marital estate to Anderson. (*Id.* at 6).

Chaplin's federal court complaint contains fifteen counts – three counts for denial of access to the courts in violation of the First Amendment, seven counts for denial of equal protection in violation of the Fourteenth Amendment, and five counts for violation of his due

process rights under the Fifth and Fourteenth Amendments. Additionally, Chaplin asserts that Defendants committed wire fraud and/or mail fraud, in violation of 18 U.S.C. §§ 1341 and 1343. He asks this Court to grant him relief from a portion of the divorce judgment entered by the state court and to award damages in the amount of $700,000.

**B.     Discussion**

Once a complaint is filed *in forma pauperis* under 28 U.S.C. § 1915(a), the Court must test its sufficiency under § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss" a case at any time if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A complaint is frivolous and subject to *sua sponte* dismissal if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted when, construing the complaint in the light most favorable to the plaintiff and accepting all of the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *See Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). The Court is required to construe Chaplin's *pro se* complaint liberally and hold his complaint to a less stringent standard than one drafted by an attorney. *See Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005). But, even applying this liberal standard, the Court concludes that Chaplin's complaint is frivolous, fails to state a claim upon which relief may be granted, and, thus, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

The bulk of Chaplin's complaint consists of federal constitutional claims, brought pursuant to 42 U.S.C. § 1985(3), wherein he alleges that Defendants' actions violated his due

process and equal protection rights under the Fifth and Fourteenth Amendments, as well as his First Amendment right to access the courts.[1] To succeed on a claim brought pursuant to 42 U.S.C. § 1985(3), "a plaintiff must prove (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994). Additionally, the plaintiff must allege that "the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999); *see also Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 765 (6th Cir. 2010) ("To sustain a claim under section 1985(3), a claimant must prove both membership in a protected class and discrimination on account of it.").

In this case, Chaplin merely makes broad, conclusory allegations that Anderson and Greenberg conspired against him. However, he does not allege any facts indicating that the defendants' actions were motivated by racially discriminatory or other class-based animus. As the Sixth Circuit has recognized, "Failure to allege membership in a protected class, and discrimination based upon such membership, requires dismissal of [the plaintiff's] § 1985(3) claim." *Dallas v. Holmes*, 137 F. App'x 746, 752-53 (6th Cir. 2005) (citing *Saunders v. Ghee*, 1995 WL 101289, at *1 (6th Cir. Mar. 9, 1995)). Thus, Chaplin's federal constitutional claims –

---

[1] Chaplin also alleges that Defendants violated his due process, equal protection, and access to the court rights under the Michigan Constitution. But, the Michigan Supreme Court has held that there is no cause of action for damages against entities other than the state for a violation of state constitutional rights. *See Jones v. Powell*, 462 Mich. 329, 335-37 (2000). Thus, these claims are frivolous on their face and should be dismissed.

brought pursuant to § 1985(3) – are frivolous and fail to state a claim upon which relief may be granted. Dismissal of those claims is thus appropriate.

Chaplin's § 1985(3) claims (whether construed under that statute or any other statute which gives rise to liability in connection with a violation of one's rights under the United States Constitution) also fail because he does not allege – and cannot show – that either of the defendants is a state actor. *See Corrion v. Corrion*, 2010 WL 2573546, at *2 (E.D. Mich. June 21, 2010) ("It is well recognized, however, that the Constitution protects citizens from infringement of their rights by the government, but not by private parties."). In his complaint, Chaplin identifies Anderson as his ex-wife, and Greenberg as Anderson's private divorce attorney. (Doc. #1 at 4). There is no indication whatsoever that Anderson is a state actor; rather, she is merely a private citizen who sought a divorce from her then-husband. Moreover, by Chaplin's own admission, Greenberg simply represented Anderson during those divorce proceedings. It is well-settled that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' …." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). Thus, even accepting as true Chaplin's allegations that Greenberg failed to properly notify him of all hearings in his divorce case, any such failure was done in Greenberg's capacity as a private attorney representing a private client. Thus, Chaplin's federal constitutional claims fail for this reason too.

Finally, with respect to Chaplin's claim that Anderson and Greenberg committed mail fraud and/or wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343, it is clear that:

> … the law does not allow a private citizen to "charge" other citizens with criminal offenses in a civil rights lawsuit in federal court. "In our system, … the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [a prosecutor's] discretion."

*Greenlee v. Greenlee*, 2005 WL 1030334, at *5 (E.D. Mich. Apr. 26, 2005) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). This claim, too, then is frivolous and fails to state a claim upon which relief may be granted. For all of these reasons, Chaplin's complaint should be dismissed with prejudice.[2]

### III. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Chaplin's application to proceed *in forma pauperis* (**Docs. #3, #11**) is **GRANTED**. **IT IS RECOMMENDED** that Chaplin's complaint (**Doc. #1**) be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted. **IT IS FURTHER ORDERED** that Chaplin's remaining motions (**Docs. #2, 4, 5, 6, 13, 14**) be **DENIED AS MOOT**.

Dated: November 17, 2017　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P.

---

[2] Although Chaplin does not explicitly plead any state law causes of action, he does reference at various times the state law claims of "the common law tort [of] fraud," libel, slander, intentional infliction of emotional distress, and unjust enrichment. (Doc. #1 at 2-3). Even if these state law claims were properly pled, however, the Court should decline to exercise supplemental jurisdiction over them. *See Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("Under 28 U.S.C. §1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. If the federal claims are dismissed before trial, the state claims generally should be dismissed as well.") (internal quotation marks and citation omitted).

6

72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 17, 2017.

                                       s/Eddrey O. Butts
                                       EDDREY O. BUTTS
                                       Case Manager